## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON RAY FLICK,           **)**

                            **)**      Civil Action No. 15-80J

           Petitioner,     **)**      Judge Kim R. Gibson

                            **)**      Magistrate Judge Lisa Pupo

v.                         **)**      Lenihan

                            **)**

NANCY GIROUX and ATTORNEY   **)**      ECF No. 4

GENERAL OF THE STATE OF       **)**

PENNSYLVNAIA,            **)**

           Respondents.

## <u>ORDER</u>

Petitioner Jason Ray Flick requests the following relief.  First, that the Court grant him permission to amend his recently filed habeas petition; second, that the Court appoint him counsel; and third, that the Court order an evidentiary hearing in this matter.

First, Petitioner is granted permission to amend his habeas petition and his amended habeas petition shall be filed with the Court no later than twenty-one days from the date of this Order.

As to Petitioner's request for counsel to assist him in prosecuting his habeas petition, it is well established that there is no right to appointed counsel in a federal habeas corpus case.  See <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987) ("[the Supreme Court] had never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"). The right to counsel in a non-capital case extends only through trial and the first appeal as of right.  <u>McClesky v. Zant</u>, 499 U.S. 467, 495 (1991).

It is extremely difficult to locate counsel trained in this area of law and willing to accept these cases on a pro bono basis. Except in those habeas corpus cases where an evidentiary hearing is required, and not until that time, is the appointment of counsel required. <u>See</u> Rules Governing Section 2254 Cases, Rule 8 (c). Prior to such occurrence, the appointment of counsel is discretionary when it is in the interest of justice to do so. <u>Id</u>.

Factors the court is to consider in determining whether counsel should be appointed include the factual and legal complexity of the case, the petitioner's ability to investigate facts and present claims, the extent of factual disagreement between the parties, the arguable meritoriousness of the petition, the presence or absence of facial defects, such as non-exhaustion of state remedies, or the probable need for an evidentiary hearing. <u>See</u> <u>Beasley v. Holland</u>, 649 F.Supp. 561 (S.D.W.Va. 1986), <u>appeal</u> <u>dismissed</u> 841 F.2d 1122 (4th Cir. 1988), <u>cert</u>. <u>denied</u> 488 U.S. 860 (1988); <u>Watson v. United States</u>, 1997 U.S. Dist. LEXIS 15604 (D. Pa., 1997) (citing <u>Reese v. Fulcomer</u>, 946 F.2d 247 at 263-64 (3d Cir. 1991).

The Third Circuit, in a civil rights case involving a pro se plaintiff proceeding *in forma pauperis* pursuant to 28 U.S. C. §1915(d)[1],<u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994), identified standards to be considered by the district courts in exercising their discretion whether to "appoint"[2] counsel. This Court has not found case law indicating that these standards may not also be utilized in

---

[1] Since that decision, the statute has been amended and the appointment of counsel language is found at subsection (e).

[2] 28 U.S.C. § 1915(d) does not authorize the court to "appoint" counsel; it authorizes the court to "request" an attorney to represent a litigant unable to employ counsel. <u>See</u> <u>Mallard v. United States District Court</u>, 490 U.S. 296 (1989).

determining whether counsel should be appointed in a habeas corpus action. Under

Tabron, the court must first consider the merits of the plaintiff's claim. It should not

appoint counsel unless it appears that the claim has some merit in fact and law.

Tabron, 6 F.3d at 155. Other factors include the plaintiff's ability to present his or her

case; the plaintiff's education, literacy, prior work experience, prior litigation experience,

ability to understand English; restraints placed upon him or her by confinement; whether

the claim is truly substantial; the difficulty or complexity of the legal issues; the degree

to which factual investigation will be required and the ability of the indigent plaintiff to

pursue such investigation; the extent to which prisoners and others suffering

confinement may face problems in pursuing their claims; whether the claims are likely

to require extensive discovery and compliance with complex discovery rules; whether

the case is likely to turn on credibility determinations; whether the case will require

testimony from expert witnesses; and whether an indigent plaintiff could retain counsel

on his or her own behalf.

The court recognized that there are significant practical restraints on the district

court's ability to "appoint" counsel:

> the ever-growing number of prisoner civil rights actions filed
> each year in the federal courts; the lack of funding to pay
> appointed counsel; and the limited supply of competent
> lawyers who are willing to undertake such representation
> without compensation.

6 F.3d at 157. The same could be said for petitions for habeas corpus.

The Tabron court recognized that there are many cases in which district courts

seek to appoint counsel but there is simply none willing to accept appointment. Id. at

157, n.7. The court also recognized that volunteer lawyer time is extremely valuable

and district courts should not request counsel under § 1915(d) indiscriminately. Id. at 157. Finally, the court emphasized that "appointment" of counsel remains a matter of discretion and the decision must be made on a case-by-case basis.

The allegations in the present case are fairly straightforward, and Petitioner has presented the Court with a well-organized and detailed brief. There is certain to be an underlying state court record, which will enable the Court to fully review the case. In addition, The Court receives numerous Petitions for Habeas Corpus filed by pro se litigants, many of whom request counsel. The Court is not unsympathetic to the difficulty of pursuing this type of case without legal counsel. Unfortunately, as stated above, few lawyers are willing and capable of taking these cases on a pro bono basis. Therefore, unless the Court concludes that an evidentiary hearing is necessary in this case, and given the shortage of lawyers qualified and willing to represent petitioners in habeas corpus cases on a pro bono basis, Petitioner's request for counsel will be denied.

Finally, the Court does not find that an evidentiary hearing is necessary or appropriate in this matter at the moment. Pursuant to Cullen v. Pinholster, 131 S. Ct. 1388 (2011) and Brown v. Wenerowicz, 2011 WL 6091408 (3d Cir. 2011), there are very limited circumstances under which a federal district court may hold an evidentiary hearing on a petition for habeas corpus. If, after reviewing the petition, the Court finds that an evidentiary hearing is warranted, the Court will order such a hearing and also reconsider Petitioner's request for counsel. Accordingly, the following order is entered:

**AND NOW**, this 26th day of March, 2015;

**IT IS HEREBY ORDERED** that Petitioner's request to amend his petition for writ

of habeas corpus is **GRANTED**. Petitioner shall mail a copy of his amended petition to the Clerk of Court, bearing the above-captioned case number, no later than twenty-one days of the date of this Order. He shall clearly mark his petition "Amended Petition for Writ of Habeas Corpus."

IT IS FURTHER ORDERED that Petitioner's request for the appointment of counsel is **DENIED**.

 **AND IT IS FURTHER ORDERED** that Petitioner's request for an evidentiary hearing is **DENIED**.

Lisa Pupo Lenihan
U.S. Magistrate Judge

cc:    **JASON RAY FLICK**
       JT-4062
       SCI Albion
       10745 Route 18
       Albion, PA 16475